IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE


Civil Case No.   07-cv-01742-LTB-BNB


JACK J. GRYNBERG d/b/a GRYNBERG PETROLEUM COMPANY, individually and on behalf
of the class of all others similarly situated,

        Plaintiffs,

v.

GREY WOLF, INC.,
GREY WOLF HOLDINGS COMPANY,
GREY WOLF DRILLING COMPANY, LP.,
GREY WOLF, INC. BOARD OF DIRECTORS, to wit:
FRANK M. BROWN,
WILLIAM T. DONOVAN,
TREVOR M. TURBIDY,
ROBERT E. ROSE,
THOMAS P. RICHARDS,
STEVEN A. WEBSTER, and
WILLIAM R. ZIEGLER, both individually and in their capacity as Directors,

        Defendants.
_____

ORDER
_____

        This matter is before me on a Motion to Remand Action to State Court filed by Plaintiff,

Jack J. Grynberg, d/b/a Grynberg Petroleum Company, individually and on behalf of the class of

all others similarly situated, pursuant to 28 U.S.C. § 1447(c).  [**Doc #7**]  In addition, I address

Defendants' related Motion for Leave To Amend Notice of Removal [**Doc #21**].  Oral arguments

will not materially aid in the resolution of these motions.  After consideration of the parties' briefs,

I DENY both motions for the following reasons.

## I. BACKGROUND

Plaintiff initially filed his verified class action complaint and jury demand in this matter on July 20, 2007, in the District Court for Adams County, Colorado (Case No. 2007-cv-1085), seeking damages for deceptive trade name practices, misrepresentation, and theft/conversion.  In response, Defendants timely filed a Notice of Removal with this court on August 17, 2007, pursuant to 28 U.S.C. §§ 1441 and 1446.  Plaintiff objects to the removal.

Any action filed in state court in which this court has original jurisdiction may be removed to federal court pursuant to 28 U.S.C. § 1441.  Federal courts may adjudicate only cases that the Constitution and Congress have granted them authority to hear.  *See* U.S. Const. Art. III, § 2; *ICG Telecom Group, Inc. v. Qwest Corp.*, 375 F.Supp.2d 1084, 1086 (D. Colo. 2005)(*citing Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994)).  As a result, if I determine that this court lacks jurisdiction over a case, I must remand the case back to state court pursuant to 28 U.S.C. § 1447.   Because federal courts are courts of limited jurisdiction, there is a general presumption against such jurisdiction, and the party invoking it bears the burden of proof. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *ICG Telecom Group v. Qwest*, *supra*, 375 F.Supp.2d at 1086.

## II.  NOTICE OF REMOVAL

Defendants' Notice of Removal alleges federal jurisdiction pursuant to diversity of citizenship as set forth in 28 U.S.C. § 1332(a).  Section 1332(a) provides that federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds that sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

Plaintiff does not contest that complete diversity of citizenship exists here. Rather, at issue is whether this lawsuit meets the $75,000 amount-in-controversy requirement imposed by 28 U.S.C. § 1332(a). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995)(citation omitted); *see also Hanna v. Miller,* 163 F.Supp.2d 1302, 1305 (D. N.M. 2001). Because there is a presumption against removal jurisdiction based on diversity, the burden is on the removing party to establish, by a preponderance of the evidence, that the jurisdictional amount requirement has been met. *Laughlin v. Kmart Corp., supra*, 50 F.3d at 873. "In other words, Defendant must show that the amount in controversy *more likely than not* exceeds $75,000." *Hanna v. Miller*, *supra*, 163 F.Supp.2d at 1305 (emphasis in original)(*quoting Varela v. Wal-mart Stores, East, Inc.,* 86 F.Supp.2d at 1109, 1111 (D.N.M. 2000)).

Plaintiff's underlying claims against Defendants are brought on behalf of himself and an alleged 200 oil well operators who have contracted with Defendants for drilling operations during the period of 2002 to present. Specifically, Plaintiff asserts that Defendants have misrepresented the characteristics and quality of their performance under "day-work drilling" contracts and "move in/move out" contracts, as "exemplified by the Defendants' dealings with" Plaintiff. Plaintiff alleges that under these contracts, Defendants entered into a "scheme" to improperly invoice Plaintiff and other members of the class for excessive delays of work in order to create "hidden profits."

Plaintiff's complaint itself does not explicitly specify the amount of damages requested. In the caption, Plaintiff indicates that the case is not subject to simplified state court procedures in

that the claims against Defendants exceed $100,000. In the "Introduction" section of the Complaint, at paragraph 5, Plaintiff alleges that Defendants' conduct is actionable under the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et. seq.*, "and entitled Plaintiffs and other members of the class to substantial damages in multiple of millions of dollars." In their prayer for relief, Plaintiff's seek consequential, compensatory, and special damages "for Defendants overcharges to the Plaintiff and the Class caused by Defendants' overcharges," as well as to "enjoin" Defendants to apply the appropriate charges to all future bills and from passing on the costs of the damages incurred to "their other customers." Plaintiff also seek reasonable attorney fees, expenses and costs.

In their notice of removal, Defendants maintain that "[a]lthough Plaintiff did not specify a particular amount of damages, the Complaint, on its face, contains a demand for damages in excess of one million dollars." In his motion for remand at issue here, Plaintiff argues that Defendants have not meet their burden in that they "merely hypothesize damages that might be incurred by an entire class of represented plaintiffs . . . and do not prove any individual plaintiff has claimed in excess of $75,000 in compensation."

When assessing diversity jurisdiction in multiple plaintiff cases, the general principle is that each plaintiff or member of the class must individually satisfy the amount in controversy requirement. *Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir. 2006)(*citing Snyder v. Harris,* 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Lonnquist v. J.C. Penney Co.,* 421 F.2d 597, 599 (10th Cir.1970)). Class members' claims may not be aggregated to meet the amount in controversy requirement unless they "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris, supra,* 394 U.S. at 335.

4

However, when the plaintiff's claims arise from individual contracts with a defendant, as is the case here, the plaintiff is not suing to enforce a common title or right to which they have a common and undivided interest. *See Lovell v. State Farm Mut., supra,* 466 F.3d at 897-898.

However, in *Exxon Mobile Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 558, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), the Supreme Court ruled that this court has supplemental jurisdiction over all claims in a class action if at least one plaintiff meets the $75,000 amount-in-controversy requirement, even if other class members fail to meet the amount-in-controversy requirement. *See also* 28 U.S.C. § 1367.

Initially, to the extent that Defendants argue that the complaint caption indicates that the claims against Defendants exceed $100,000 – for the purpose of opting out of Colorado's Simplified Procedures under C.R.C.P. 16.1 – I disagree that such indication is, in and of itself, a sufficient factual predicate of the $75,000 jurisdiction amount required to support diversity jurisdiction. *See Harding v. Sentinel Ins. Co., Ltd.,* 490 F.Supp.2d 1134, 1134 (D. Colo. 2007). More importantly, the fact that the claims against all Defendants may exceed $100,000 is not evidence that the amount in controversy exceeds $75,000 for any one defendant as is required to establish diversity jurisdiction in this case. *See Exxon Mobile Corp. v. Allapattah Servs., supra,* 545 U.S. at 558.

However, Defendants also assert that the amount in controversy as to the named Plaintiff meets the $75,000 jurisdictional requirement. I agree. In the complaint, Plaintiff seek "fair compensation for Defendants' false, fraudulent and improper billing practices." Specifically, the complaint alleges that Plaintiff Grynberg signed a "day-work drilling contract" with Defendant to

drill a well located in Moffit County, Colorado. As a result of Defendants' poor drilling practices, Plaintiff alleges that it took 27 days to drill that well, when it should have been completed in 12 to 14 days. Plaintiff Grynberg disagreed with Defendants' invoice, asserting that it was overcharged. The complaint asserts that Defendants' deceptive trade practice, misrepresentation, and theft resulted in such "overcharges." Finally, attached as Exhibit A to the complaint is an invoice in which Plaintiff Grynberg was charged $493,467.75, but paid only $227,417.30, a difference of over $266,000. To the extent that Plaintiff now asserts that he claims no damages for the unpaid charges, the complaint clearly contemplates otherwise.

Moreover, I note that Plaintiff also seeks putative damages, in the form of treble damages under the Colorado Consumer Protection Act, and attorney fees. *See generally Hanna v. Miller, supra,* 163 F.Supp.2d at 1306 (punitive damages may be considered in determining whether the jurisdictional amount requirement is satisfied)(citations omitted); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339-40 (10th Cir.1998)(a reasonable estimate of attorney fees can be included in the amount in controversy).

As such, I conclude that the allegations of the complaint demonstrate, by a preponderance of the evidence, that the jurisdictional amount requirement has been met as to Plaintiff Grynberg in that the amount in controversy, set forth in 28 U.S.C. § 1332(a), more likely than not exceeds $75,000. And, because Plaintiff Grynberg meets the amount-in-controversy requirement, this court has supplemental jurisdiction over all the Plaintiffs' claims in a class action. *Exxon Mobile Corp. v. Allapattah Servs.*, *supra*.

### III.  MOTION TO AMEND

After I issued an order seeking additional briefing from the parties regarding the applicability of federal jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), as set forth at 28 U.S.C. § 1332(d), Defendants filed their Motion For Leave to Amend Notice of Removal seeking add the CAFA as an additional and alternative basis for removal jurisdiction. However, because I have determined that federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a), as originally alleged in the Notice of Removal, I deny Defendants' motion to amend.

ACCORDINGLY, it ORDERED that:

1)      Plaintiffs' Motion to Remand Action to State Court [**Doc #7**] is DENIED;

2)      Defendants' Motion for Leave To Amend Notice of Removal [**Doc #21**] is DENIED; and

3)      Plaintiffs SHALL respond to 1) All Director Defendants' Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Certain Director Defendants' Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process [**Doc #4**] and All Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) and Rule 9(b) Motion to Dismiss for Failure to State a Claim [**Doc #5**] **within ten (10) days** of the date of this order.

Dated: November __20__, 2007, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE