IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01742-LTB-BNB

JACK J. GRYNBERG d/b/a GRYNBERG PETROLEUM COMPANY, individually and on behalf of the class of all others similarly situated,

        Plaintiffs,

v.

GREY WOLF, INC.,
GREY WOLF HOLDINGS COMPANY, and
GREY WOLF DRILLING COMPANY, LP.,

        Defendants.

___

ORDER
___

This matter is before me on a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim filed by Defendants, Grey Wolf, Inc., Grey Wolf Holdings Company, and Grey Wolf Drilling Company, L.P. [**Doc #5**] In addition, I address a Motion to Dismiss for Lack of Personal Jurisdiction and for Insufficient Service of Process previously filed by some of the now-dismissed defendants. [**Doc #4**] Oral arguments will not materially aid in the resolution of these motions. After due consideration, I DENY IN PART and GRANT IN PART the Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, and I DENY AS MOOT the Motion to Dismiss for Lack of Personal Jurisdiction and for Insufficient Service of Process.

**I. Background**

Plaintiff, Jack J. Grynberg, d/b/a Grynberg Petroleum Company, individually and on behalf of the class of all others similarly situated, initially filed his verified class action complaint and jury

demand in this matter on July 20, 2007, in the District Court for Adams County, Colorado (Case No. 2007-cv-1085), seeking damages for deceptive trade practices, misrepresentation, and theft/conversion. Defendants subsequently removed the matter to this court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

## II. Lack of Personal Jurisdiction - Insufficient Service of Process

Several of the defendants in this matter – specifically, the Board of Directors of Grey Wolf, Inc. and the individual directors – filed a motion to dismiss Plaintiff's complaint against them for lack of personal jurisdiction and, in the case of several of the individual directors, for insufficient process. After filing this motion, Plaintiff subsequently filed a Notice of Dismissal of the Grey Wolf Inc. Board of Directors, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I), and, as a result, I dismissed without prejudice the individual directors, both individually and in their capacity as directors, as defendants to this action. [Doc # 32] Therefore, I deny as moot their Motion to Dismiss for Lack of Personal Jurisdiction and for Insufficient Service of Process.

## III. Colorado River Abstention

In their motion to dismiss, the remaining Defendants request that I decline to exercise jurisdiction over this case and, as such, dismiss it pursuant to the *Colorado River* doctrine, on the grounds that there is a prior lawsuit pending in state court in Texas.

The *Colorado River* doctrine applies to "situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition

of litigation.' " *Id*. at 817 (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). "Although not a true form of abstention, the doctrine is often treated as a variety of abstention and is governed by the general principle that abstention from the exercise of federal jurisdiction is the exception, not the rule." *Fox v. Maulding,* 16 F.3d 1079, 1080 (10th Cir. 1994)(citations omitted). I note that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River v. U.S., supra*, 424 U.S. at 817; *see also Life-Link Intern., Inc. v. Lalla,* 902 F.2d 1493, 1495-96 (10th Cir. 1990).

Defendants assert that the relevant Texas lawsuit was filed in April 2007, by Defendant Grey Wolf Drilling, in order to collect from Plaintiff the balance due on a service contract to drill an oil well. Plaintiff subsequently filed this class action lawsuit, in July 2007, alleging on behalf of himself and others that Defendants' "day work" drilling and "move-in/move-out" contracts "unjustly enriched" them by creating "excessive work delays" and constituted a "scheme to create hidden profits." Plaintiff alleges that the day-work drilling contract at issue in the Texas case is representative of the class. As such, Plaintiff seeks damages against Defendants for deceptive trade practices, negligent and intentional misrepresentation, and theft/conversion. On November 6, 2007, the Texas court ruled that because Plaintiff failed to comply with the terms of the parties' contract related to providing notice of disputed invoices, summary judgment was entered in favor of Grey Wolf Drilling.

When applying the *Colorado River* doctrine, a federal court must first determine whether the state and federal proceedings are parallel. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox v. Maulding, supra,* 16 F.3d at

1081. Although some courts "seem to consider how the state proceedings could have been brought in theory, *i.e.,* what claims and parties could have been included had the federal plaintiff made a timely application to do so, and compare the theoretical state proceedings to the federal proceeding," the Tenth Circuit has ruled that the "better approach is to examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." *Id.* (emphasis in original).

The parties do not dispute that the Texas state case consists of substantially the same parties as in this case. *See Health Care & Retirement Corp. of America v. Heartland Home Care, Inc.* 324 F.Supp.2d 1202, 1204 (D. Kan. 2004)(ruling that affiliates in that case were substantially the same parties in both proceedings).

However, I find that the Texas case as it is actually postured does not litigate substantially the same issues as are at issue here. In the Texas proceeding, Defendants are suing to collect for non-payment and breach of the sole contract between the parties. Plaintiff's affirmative defenses include an assertion that Defendants' performance was "shoddy, substandard" and "inept and caused ... unanticipated and unreasonable costs" and that its "faulty equipment exacerbated the problem, resulting in unacceptable expenditures." Although these allegations form the factual basis for Plaintiff's claims of Defendants fraudulent behavior here, a determination of the Texas case – as it actually exists – would not be determinative of the class action issues brought here. *See Fox v. Maulding, supra,* 16 F.3d at 1081-82 (finding that cases sufficiently parallel to justify abstention must "necessarily contemplate that the federal court will have nothing further to do in resolving any substantive part of the case"). The Texas proceeding is postured as a collections case on the parties' contract. In contrast, this case seeks damages for alleged fraudulent conduct by Defendants as to an entire class of its customers that have all entered into form drilling

contracts like the one at issue in the Texas proceeding. I cannot conclude that the claims in the Texas state proceedings – as they actually exists, as opposed to as they could have been brought – consist of substantially the same issues as raised in this case. *See Fox v. Maulding, supra*, 116 F.3d at 1082; *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 277, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988)(ruling that a federal court may enter a stay under the *Colorado River* doctrine only if it has "full confidence" that the parallel state litigation will end the parties' dispute).

Because this case and the Texas case do not litigate substantially the same issues, I conclude that the proceedings are not parallel. And, as such, the *Colorado River* doctrine is not applicable to the pending state and federal claims at issue here. *See Allen v. Board of Educ., Unified School Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995)(directing the district court to retain jurisdiction if it determines the cases are not parallel, and only to go on to the determination of whether to abstain under the *Colorado River* doctrine if it deems the cases are parallel).

### IV. Compulsory Counterclaim

In support of its motion to dismiss, Defendants argue that I should apply the *Colorado River* doctrine to dismiss this case on the grounds that Plaintiff's claims asserted in this case should have been raised as compulsory counterclaims in the Texas proceeding pursuant to Texas law. Because the claims were not raised in the Texas proceeding, Defendants assert that Plaintiff is barred from bring them in this suit. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988)(ruling that the "failure to assert a compulsory counterclaim precludes its assertion in later actions"); *Stone v. Department of Aviation,* 453 F.3d 1271, 1276 (10th Cir. 2006) (applying Colorado law); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4414 (2d ed. 2002)("failure to make a counterclaim made compulsory in a state

5

proceeding by state law precludes later action on the claim in federal court"). Although I have ruled that the *Colorado River* doctrine is not applicable, I agree that this case must be dismissed because the individual claims asserted by Plaintiff were compulsory counterclaims that should have been raised in Texas lawsuit.

The Texas compulsory counterclaim rule requires, in relevant part, that a "pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Tex. R. Civ. P. 97(a). Under Texas law, a defendant must assert a counterclaim if it meets the following six elements:

> (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

*Wyatt v. Shaw Plumbing, supra,* 760 S.W.2d at 247. I note that to the extent Plaintiff asserts that federal compulsory counterclaim law, not Texas law, governs under these circumstances, such argument is misplaced. The relevant legal analysis is whether the claims were required to be raised in the underlying Texas state case, not whether they should have been raised in this federal action implicating Fed. R. Civ. P. 13(a). *See Valley View Angus Ranch, Inc. v. Duke Energy Field Services, Inc.,* 497 F.3d 1096, 1100 (10th Cir. 2007)("we look to state law to determine if a claim is a compulsory counterclaim, and, if so, the effect of a failure to raise such a claim").

Plaintiff further asserts that the claims raised in this case do not constitute compulsory counterclaims that should have been raised in the Texas state proceedings. Specifically, Plaintiff argues that the claims raised here were not mature and owned by the pleader at the time of filing the answer (element 3), and did not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim (element 4). I disagree.

The Texas state case was brought by the Defendants to collect on the amount billed, but not paid, under the drilling contract that Plaintiff now claims is representative of the consumer fraud-based claims (deceptive trade name practices, misrepresentation, and theft/conversion) in this case. Plaintiff first argues that the claims raised in this action do not arise out of the transaction or occurrence that is the subject matter of Defendants' claim in the Texas case.

To determine if a claim arises out of the same transaction or occurrence, Texas courts apply the "logical relationship" test. *See Jack H. Brown & Co. v. Northwest Sign Co.*, 718 S.W.2d 397 (Tex.App.-Dallas 1986). Under this test, "'transaction' has a flexible meaning that 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their occurrence as upon their logical relationship.'" *Id.* (*quoting Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926)). The Texas compulsory counterclaim rule requires only "that both claims concern at least some of the same facts." *Id.*

As discussed above, Plaintiff averred in the Texas case that its failure to pay was based at least in part on the Defendant's "shoddy, substandard" performance, that Defendant was "inept and caused . . . unanticipated and unreasonable costs," and that its "faulty equipment exacerbated the problem, resulting in unacceptable expenditures." These allegations form the factual basis for Plaintiff's claims raised here, on behalf of himself and the putative class, pursuant to his drilling contract with Defendants. It is clear that both claims concern more than some of the same facts.

As such, I conclude that the claims raised in this case arose of the same transaction or occurrence as in the Texas case – namely Defendants' alleged fraud in the execution and billing of their drilling contracts. *See generally Rucker v. Bank One Texas, N.A.*, 36 S.W.3d 649, 650 (Tex.App.-Waco 2000)(ruling that a counterclaim for fraudulent inducement was compulsory in a lawsuit to recover on a delinquent promissory note).

Moreover, based on the same reasoning, I likewise conclude that the claims raised here were mature and owned by Plaintiff at the time, as evidenced by the factual allegations made by Plaintiff in defense of the Texas lawsuit. Plaintiff argues that because he is only a representative of this class action, and not the owner thereof, the claims were not "owned" by him. However, the issue is whether Plaintiff's own claims of consumer fraud, based on his individual contract with Defendant, should have been raised as compulsory counterclaims in the Texas case. I am not persuaded by Plaintiff's unsupported contention that the Texas court would not have permitted him to bring these class action claims as counterclaims in the Texas case. Again, the issue is whether Plaintiff's individual claims of consumer fraud should have been raised as counterclaims, not whether the classes' alleged claims were compulsory in the Texas lawsuit. *See generally Mintz v. Mathers Fund, Inc.,* 463 F.2d 495, 499 (7th Cir. 1972).

Therefore, because I conclude that the claims raised here by Plaintiff constituted compulsory counterclaims under Texas law, they should have been raised in the Texas state proceedings. Because they were not, Plaintiff is barred from bring them in this suit. *See Wyatt v. Shaw Plumbing Co.*, *supra*, 760 S.W.2d at 247; *see also Hampton v. Long,* 686 F.Supp.1202, 1207 (E.D.Tex. 1988)(applying Tex.R.Civ.P. 97(a) to enter summary judgment against the plaintiff's claims of fraud for failure to assert them as counterclaims in the initial state action).

ACCORDINGLY, I ORDER as follows:

1) The Motion to Dismiss for Lack of Personal Jurisdiction and for Insufficient Service of Process [**Doc # 4**] is DENIED AS MOOT;

2) The Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim [**Doc # 5** ] is GRANTED IN PART and DENIED IN PART; and

3) As a result, Plaintiff's Verified Class Action Complaint and Jury Demand is DISMISSED WITH PREJUDICE.

Dated: March   11  , 2008, in Denver, Colorado.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE