IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01742-LTB-BNB

JACK J. GRYNBERG d/b/a GRYNBERG PETROLEUM COMPANY, individually and on behalf of the class of all others similarly situated,

      Plaintiffs,

v.

GREY WOLF, INC.,
GREY WOLF HOLDINGS COMPANY, and
GREY WOLF DRILLING COMPANY, LP.,

      Defendants.
_____

ORDER
_____

This matter is before me on a Motion for Attorney Fees filed by Defendants, Grey Wolf, Inc., Grey Wolf Holdings Company, and Grey Wolf Drilling Company, L.P. [**Doc #36**] In addition, I address a related motion filed by Plaintiff, Jack J. Grynberg, d/b/a Grynberg Petroleum Company, individually and on behalf of the class of all others similarly situated, entitled Motion to Strike Portions of Defendants' Reply to Plaintiffs' Response to Defendants' Motion for Attorneys Fees Or, in the Alternative, for Leave to File a Response to the Reply. [**Doc #47**] Oral arguments will not materially aid in the resolution of these motions. After consideration of the parties' briefs and related attachments, and for the reasons stated below, I DENY Defendants' Motion for Attorney Fees and, as a result, I DENY AS MOOT Plaintiff's Motion to Strike Portions of Defendants' Reply.

## I. Background

Plaintiff initially filed his verified class action complaint and jury demand seeking damages for deceptive trade practices, misrepresentation, and theft/conversion in state court in Colorado. Defendants subsequently removed the matter to this court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). On March 11, 2008, I granted Defendants' Motion to Dismiss on the basis that Plaintiff's individual claims asserted in this case should have been raised as compulsory counterclaims in a then-pending Texas proceeding. *See* 18 C. Wright & A. Miller, *Federal Practice and Procedure* § 4414 (2d. ed. 2002)("failure to make a counterclaim made compulsory in a state proceeding by state law precludes later action on the claim in federal court"). Accordingly, I dismissed Plaintiff's complaint with prejudice and judgment entered in favor of Defendants. [Doc # 35 and Doc # 38]

Thereafter, on March 14, 2008, Defendants filed the motion at issue here seeking an award of attorney fees pursuant to Colo. Rev Stat. § 13-17-201 or, alternatively, pursuant to Colo. Rev. Stat. § 6-1-113(3) and § 13-17-101, *et. seq.*

## II. Attorney Fees Pursuant to § 13-17-201

In support of its request, Defendants first assert that they are entitled to an award of fees under Colo Rev. Stat. § 13-17-201, which provides for the recovery of reasonable attorney fees by a defendant whose Rule 12(b) motion results in the dismissal of a tort claim prior to trial. Section 13-17-201 provides, in pertinent part, that "[i]n all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." Because attorney fee statutes are considered substantive for diversity purposes, the Tenth Circuit has ruled that it is proper to rely on § 13-17-201 as the applicable Colorado fee

2

recovery statute for dismissed state law tort claims in federal court. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n. 6 (10th Cir. 2000)(ruling that although Colo. Rev. Stat. § 13-17-201 "expressly applies only to actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure, . . . we find the statute applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed.R.Civ.P. 12(b)(6)"); *see also BrammerHoelter v. Twin Peaks Charter Academy*, 81 F.Supp. 2d 1090 (D.Colo. 2000)(awarding attorney fees under § 13-17-201 where the action was dismissed pursuant to Fed. R. Civ. P. 12(b)(1)).

The burden of proof rests on the party requesting an award to show by a preponderance of the evidence that he or she is entitled to an award. *Haynes v. City of Gunnison*, 214 F.Supp.2d 1119, 1120 (D. Colo. 2002)(*citing Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994)). This provision is in derogation of the common law American Rule that requires parties to bear their own legal expenses and, therefore, it must be strictly construed. *Sotelo v. Hutchens Trucking Co., Inc.,* 166 P.3d 285, 287 (Colo. App. 2007).

In response to this argument, Plaintiff asserts that because I ruled that his claims were barred based claim preclusion principles, Rule 12(b) was not implicated and, in turn, attorney fees are not recoverable under § 13-17-201. "[A] defendant must prevail on the entire action as to that defendant under Rule 12(b), and on no other grounds, in order to recover fees." *Jones v. Haga,* 2007 WL 433126, 2 (D.Colo. 2007)(*citing First Interstate Bank of Denver, N.A. v. Berenbaum,* 872 P.2d 1297, 130102 (Colo. App. 1993)).

3

My dismissal of Plaintiff's complaint was based on my ruling that his claims therein should have been raised as compulsory counterclaims in a pending state court action pursuant to Tex. R. Civ. P. 97(a). As such, I did not dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(6). Rather, the dismissal was based on *res judicata* or principles of claim preclusion. *See generally SMS Marketing & Telecommunications, Inc. v. H.G. Telecom, Inc.*, 949 F.Supp. 134, 142 (E.D.N.Y. 1996)(applying Tex. R. Civ. P. 97(a) to bar breach of contract, fraud, and unjust enrichment claims based on *res judicata*); *Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav.,* 837 S.W.2d 627, 628 (Tex. 1992)("[r]es judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, *should have been litigated in the prior suit*" (emphasis added)); *Stone v. Department of Aviation*, 453 F.3d 1271, 1280 (10th Cir. 2006) ("principles of claim preclusion only oblige a defendant to assert a compulsory counterclaim").

Alternatively, my dismissal could also be characterized as based on principles of waiver or estoppel. 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1417, pp. 132-33 (2d ed. 1990)(although most courts have "spoken in terms of '*res judicata*' preventing the later assertion of the claim, [o]ther authorities . . . have relied on the theories of 'waiver' or 'estoppel' as the theoretical basis for preventing a second suit on the omitted counterclaim"). Additionally, "one state court, interpreting rules virtually identical to the federal rules, has said that Rule 13 does not create the absolute bar of *res judicata*, but is 'a bar created by rule … which logically is in the nature of an estoppel arising from the culpable conduct of a litigant in failing to assert a proper counterclaim.'" *Id.* (*quoting House v. Hanson,* 72 N.W.2d 874, 877 (Minn. 1955)).

Defendants have failed to provide me with authority for the proposition that the application of a compulsory counterclaim rule deprives a court of subject matter jurisdiction over the claims alleged. Contrary to Defendants' argument, I conclude that my dismissal was not based on lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). As such, Colo. Rev. Stat. § 13-17-201 does not apply here and, in turn, does not mandate an attorney fees award in favor of Defendants. *See Stone v. Dept. of Aviation*, *supra*; *Sotelo v. Hutchens Trucking Co., supra,* 166 P.3d at 287 (§ 13-17-201 must be strictly construed).

### III. Attorney Fees Pursuant to § 6-1-113(3) and § 13-17-101, *et. seq.*

Defendants likewise seek an award of attorney fees in their favor on the basis that Plaintiff's complaint was groundless pursuant to the Colorado Consumer Protection Act which provides that "[a]ny person who brings an action under this article that is found by the court to be groundless and in bad faith or for the purpose of harassment shall be liable to the defendant for the costs of the action together with reasonable attorney fees as determined by the court." Colo. Rev. Stat. § 6-1-113(3). Defendants also rely upon Colo. Rev. Stat § 13-17-101, which provides for the recovery of attorney fees when the bringing of a civil action "is determined to have been substantially frivolous, substantially groundless, or substantially vexatious." *See generally Wood v. Jensen,* 585 P.2d 309, 310 (Colo. App. 1978)(affirming the trial court's finding of frivolousness, and award of attorney fees under Colo. Rev. Stat. § 13-17-101, based upon the filing of claims that should have been filed as compulsory counterclaims).

A claim is frivolous if the proponent has no rational argument to support it based on the evidence or the law. A claim is groundless if there is no credible evidence to support the allegations in the complaint. A vexatious claim or defense is one brought or maintained in bad

faith. Bad faith may include conduct that is arbitrary, vexatious, abusive, or stubbornly litigious, and may also include conduct aimed at unwarranted delay or disrespectful of truth and accuracy. *Zivian v. Brooke-Hitching*, 28 P.3d 970, 974 (Colo. App. 2001)(citations omitted).

In support of their request, Defendants maintain that Plaintiff "has a history of filing suits asserting claims that had been previously decided against him in an earlier suit or asserting claims that were compulsory counterclaims in a suit previously filed against him." Defendants refer me to *Grynberg v. Phillips,* 148 P.3d 446, 448 (Colo. App. 2006)(affirming the trial court's ruling that Plaintiff's case was barred by Wyoming's compulsory counterclaim rule); and *Grynberg v. Arkansas Oklahoma Gas Corp.,* 116 P.3d 1260, 1266 (Colo. App. 2005)(concluding that the trial court properly applied collateral estoppel to dismiss Plaintiff's claims). As such, Defendants argue that "[t]his pattern renders the present action, at a minium, retaliatory and vexatious, and demonstrates that [Plaintiff's] conduct in filing it was abusive and stubbornly litigious."

While it appears that Plaintiff has had several of his cases dismissed on the basis that the claims or disputes were previously litigated, I agree with him that because the Texas litigation was not yet final at the time of filing, this was not a frivolous claim. *See generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1418 (2d ed. 1990)(describing the law related to filing an independent action based on a compulsory counterclaim while the first action is still pending as "unsettled"); Colo. Rev. Stat. § 13-17-102 (7)(a exception to the assessment of attorney's fees applies to claims "which the court determines [were] asserted by said attorney or party in a good faith attempt to establish a new theory of law in Colorado").

In addition, I agree with Plaintiff that Defendants have failed to provide me with any direct evidence in support of their claim that this litigation was vexatious, or brought in bad faith. As such, I deny Defendants' request for attorney fees made pursuant to Colo. Rev. Stat § 6-1-113(3) and § 13-17-101, *et seq.* *See generally Crissey Fowler Lumber Co. v. First Cmty. Indus. Bank*, 8 P.3d 531, 535 (Colo. App. 2000)("[t]he trial court has discretion in determining whether to award attorney fees for a vexatious claim or defense, and its determination will not be disturbed on review if supported by the evidence"); *Checkrite of San Jose, Inc. v. Checkrite, Ltd.,* 640 F.Supp. 234, 238 (D.Colo. 1986)(although the arguments presented were deemed not persuasive, the court did not "find them so frivolous as to warrant attorney fees").

### IV. PLAINTIFF'S MOTION TO STRIKE

Finally, Plaintiff's Motion to Strike Portions of Defendants' Reply relates only to the portion of the reply, and the attached exhibits, that seek to provide documentation of the amount of attorney fees sought by Defendants in their motion for attorney fees. However, because I have denied the request for attorney fees, I do not reach the issue. Moreover, I note that in its response to the motion, Defendants did not oppose Plaintiff's alternative relief request for leave to file a response to the reply and, as such, Plaintiff thereafter did so. [Doc # 50] Thus, I conclude that Plaintiff's motion to strike is moot.

ACCORDINGLY, I ORDER that:

1) The Motion for Attorney Fees [**Doc #36**] filed by Defendants, Grey Wolf, Inc., Grey Wolf Holdings Company, and Grey Wolf Drilling Company, L.P., is DENIED; and

2) The Motion to Strike Portions of Defendants' Reply to Plaintiffs' Response to Defendants' Motion for Attorneys Fees Or, in the Alternative, for Leave to File a Response to the Reply [**Doc #47**] filed by Plaintiff, Jack J. Grynberg, d/b/a Grynberg Petroleum Company, individually and on behalf of the class of all others similarly situated, is DENIED AS MOOT.

Dated: August   18  , 2008, in Denver, Colorado.

        BY THE COURT:

          s/Lewis T. Babcock  
        LEWIS T. BABCOCK, JUDGE